IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                           Case No. 11-10161-JTM

Willie Jackson,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the government's Motion to Consume Physical Evidence. (Dkt. 62). The government seeks to conduct forensic examination of swabs taken from a firearm which may have been used in the bank robbery. The government's motion rests on an averment by Dr. Shelly Steadman of the Sedgwick County Regional Forensic Science Center that the DNA swabs from the firearm are so small that they might be completely consumed by any testing.

Jackson opposes the motion. In his brief, Jackson argues that the sample should be "given to the defendant for testing, if he so desires to have it performed." (Dkt. 63, at 3). Jackson cites two Kansas cases, *Sanders v. State*, 26 Kan.App.2d 826, 995 P.2d 397 (1999) and *Haddock v. State*, 282 Kan. 475, 146 P.3d 187 (2006) in support of his argument. Even aside from the fact that these are Kansas state law cases, and thus not controlling here, neither case is on point.

*Haddock* merely recognized that DNA may be important evidence. In *Sanders*, the court rejected a defendant's collateral challenge to his conviction, the defendant arguing that his counsel was ineffective in failing to request independent testing of a DNA sample. The court ruled that counsel — who had hired an expert to attack the reliability of the government's DNA evidence — was not ineffective in not obtaining independent testing, as the result might simply confirm the government's results. More importantly, *Sanders* did not involve the issue now before the court: what to do in the event the evidence sample is so small that there is only enough for one test.

Jackson cites no authority for the proposition that, when the sample is large enough for one test only, the court should allow the defendant rather than the government to conduct the test.

The court finds that the government's motion should be granted. The court addressed precisely this issue a year ago in *United States v. Rogers*, No. 10-10140-JTM (D. Kan. Dec. 3, 2010), a case also involving DNA testing to be performed by Dr. Steadman. The court granted the government's motion to consume evidence, finding that the only issue was whether the government would be acting in bad faith by consuming the sample for testing. It concluded that "[b]ecause the government cannot know the exculpatory value of the evidence before it is tested, consuming all the evidence, if necessary to create a useful DNA profile, cannot constitute bad faith." *Id*. at *5.

Importantly, unlike the defendant *Rogers*, Jackson does not challenge the factual premise of the government's motion — Dr. Steadman's statement that the small sample may be consumed during the course of DNA testing. Indeed, the defendant explicitly agrees with the government on that factual point: "there is insufficient sample for both the Government and the defendant to have sampling done." (Def. Resp., at 3). Jackson's only argument, not premised on any authority, is that the court should give the sample to him rather than allow the government to conduct any testing. As

the court found in *Rogers*, however, the sole question is whether the government, which has the burden to prove its case beyond a reasonable doubt, is acting in bad faith if it exercises its right to conduct testing on a sample which is so small it might be consumed in the test. Given this conclusion, and the absence of any indication that the government may be acting in bad faith in the present action, the Motion to Consume (Dkt. 62) is hereby granted.

     IT IS SO ORDERED this 23rd day of January, 2012.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE